**CR 16 00435**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

## THE UNITED STATES OF AMERICA

vs

## JINNIE CHAO

## INDICTMENT

| | |
|---|---|
| COUNTS 1-5: | 18 U.S.C. § 1341 – Mail Fraud |
| COUNTS 6-10: | 18 U.S.C. § 1343 – Wire Fraud |
| COUNTS 11-16: | 18 U.S.C. § 1957(a) – Money Laundering |

A true bill.

_____
Foreperson

Filed in open court this 20th day of October A.D. 2016

_____
Bernard Zimmerman
United States Magistrate Judge

Bail. $ No bail

BRIAN J. STRETCH (CABN 163973)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JINNIE CHAO,<br><br>　　　　Defendant. | NO. CR-16-00435 EJD<br><br>VIOLATIONS:<br>18 U.S.C. § 1341 – Mail Fraud<br>18 U.S.C. § 1343 – Wire Fraud<br>18 U.S.C. § 1957 – Money Laundering<br>18 U.S.C. § 981(a)(1)(C) – Mail Fraud and Wire Fraud Forfeiture<br>18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture<br><br>SAN JOSE VENUE |

## INDICTMENT

The Grand Jury charges:

## BACKGROUND

At all times relevant to this Indictment:

1. Defendant JINNIE CHAO was an individual residing in Hillsborough, CA.

2. Los Altos Dental Care ("LADC") was a dental care practice located in Los Altos, CA.

3. A.S. was a licensed dentist and sole owner of A. Salem, D.D.S., Inc. which operates LADC.

4. Wells Fargo Bank was a national bank with retail branches in multiple U.S. states. Every wire

INDICTMENT                    1

transfer sent to or from a Wells Fargo Bank account automatically triggered an electronic wire communication to a server located in either North Carolina, Oregon, or Colorado. As such, all wire transfers alleged in this Indictment that transferred funds to or from a Wells Fargo Bank account were in interstate and foreign commerce.

5. J.P. Morgan Chase Bank was a national bank with retail branches in multiple U.S. states. Every wire transfer sent to or from a J.P. Morgan Chase Bank account automatically triggered an electronic wire communication to a server located in Delaware, before forwarding to the bank's Treasury Services Department in Florida. As such, all wire transfers alleged in this Indictment that transferred funds to or from a J.P Morgan Chase Bank account were in interstate and foreign commerce.

6. Global Pay was a national credit card processor specializing in point-of-sale credit card, debit card, ACH and gift card processing. Every wire transfer sent to, from, or through Global Pay automatically triggered an electronic wire communication to a server located in either Delaware or Georgia. As such, all wire transfers alleged in this Indictment that transferred funds to, from, or through Global Pay were in interstate and foreign commerce.

## THE SCHEME TO DEFRAUD

7. Beginning in or about 2008, defendant CHAO assisted A.S. with marketing and clerical duties at LADC.

8. From approximately May 2008 through February 2012, defendant CHAO engaged in an illegal scheme to defraud A.S. and LADC of money and property by representing that she was assisting A.S. with management of LADC's dental business and bookkeeping while defrauding A.S. and LADC of thousands of dollars in monetary payments made by patients and insurers for dental services provided by A.S. and LADC.

9. In furtherance of this scheme to defraud, in May 2008, defendant CHAO changed the LADC State of California Articles of Incorporation Statement of Information to falsely represent that CHAO was the Chief Executive Officer, Secretary, and Chief Financial Officer of A. Salem D.D.S., Inc.

10. It was further part of the scheme to defraud that from approximately February 2011 through January 2012, defendant CHAO opened two business bank accounts with Wells Fargo Bank in the name of A. Salem D.D.S., Inc. and deposited checks payable to A.S. or LADC into the Wells Fargo Bank

INDICTMENT                    2

accounts, all without A.S.'s authorization or knowledge. Defendant CHAO deposited approximately $216,124 in checks into the first account and approximately $99,367 in checks into the second account.

11. It was further part of the scheme to defraud that on or about November 2, 2011, defendant CHAO submitted to the United States Postal Service an Official Mail Forwarding Change of Address Order requesting all mail addressed to "Jinnie Chao" and "Los Altos Dental Care" be forwarded from LADC's office to a P.O. Box she had rented in Los Altos without A.S.'s authorization or knowledge in order to fraudulently obtain checks belonging to A.S. and LADC.

12. It was further part of the scheme to defraud that on or about January 4, 2012, defendant CHAO submitted a Direct Deposit Account Change Request to Global Pay, LADC's credit card payment processor, changing the bank of deposit for LADC's credit card payment transactions from LADC's Heritage Bank account to the Wells Fargo Bank accounts CHAO had opened, all without A.S.'s authorization or knowledge.

13. It was further part of the scheme to defraud that from in or about June 2011 through in or about December 2011, defendant CHAO spent thousands of dollars from the Wells Fargo Bank account to make mortgage payments on real estate properties she owned, to purchase a Mercedes Benz registered in her name, to transfer thousands of dollars to her son, J.C., and to make numerous everyday purchases, all without A.S.'s authorization or knowledge.

14. It was further part of the scheme to defraud that in January 2012, defendant CHAO opened a J.P. Morgan Chase Bank account in the name of "A SALEM DDS INC DBA A.S. DDS" and deposited approximately $10,932.56 in checks payable to A.S. or LADC into the J.P. Morgan Chase account, all without A.S.'s authorization or knowledge. Defendant CHAO then transferred the $10,932.56 from the J.P. Morgan Chase Bank account to CHAO's personal Chase Bank account.

COUNTS ONE THROUGH FIVE: (18 U.S.C. § 1341 – Mail Fraud)

15. Paragraphs 1 through 14 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

16. From in or about November 2011, through in or about January 2012, in the Northern District of California, the defendant,

INDICTMENT 3

1  JINNIE CHAO,

did knowingly and with the intent to defraud and deprive, took and received from an authorized depository for mail the following matter, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1341.

| Count | Approx. Date | Use of Mail |
|---|---|---|
| 1 | 11/10/2011 | A check dated 11/10/11, in the amount of $3,655.90 sent via U.S. Mail from Delta Dental, P.O. Box 997330, Sacramento, CA 95899, mailed to 925 North San Antonio Road, in Los Altos, CA., but forwarded to P.O. Box 1622, Los Altos, CA 94023. |
| 2 | 11/17/2011 | A check dated 11/17/11, in the amount of $1,153.77 sent via U.S. Mail from Delta Dental, P.O. Box 997330, Sacramento, CA 95899, mailed to 925 North San Antonio Road, in Los Altos, CA., but forwarded to P.O. Box 1622, Los Altos, CA 94023. |
| 3 | 11/17/2011 | A check dated 11/17/11, in the amount of $2,598.10 sent via U.S. Mail from Delta Dental, P.O. Box 997330, Sacramento, CA 95899, mailed to 925 North San Antonio Road, in Los Altos, CA., but forwarded to P.O. Box 1622, Los Altos, CA 94023. |
| 4 | 12/08/2011 | A check dated 12/08/11, in the amount of $1,969.20 sent via U.S. Mail from Delta Dental, P.O. Box 997330, Sacramento, CA 95899, mailed to 925 North San Antonio Road, in Los Altos, CA., but forwarded to P.O. Box 1622, Los Altos, CA 94023. |
| 5 | 12/22/2011 | A check dated 12/22/11, in the amount of $6,037.29 sent via U.S. Mail from Delta Dental, P.O. Box 997330, Sacramento, CA 95899, mailed to 925 North San Antonio Road, in Los Altos, CA., but forwarded to P.O. Box 1622, Los Altos, CA 94023. |

COUNTS SIX THROUGH TEN: (18 U.S.C. § 1343 – Wire Fraud)

17. Paragraphs 1 through 14 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

18. From in or about February 2011, through in or about January 2012, in the Northern District of California, the defendant,

JINNIE CHAO,

did knowingly cause to be transmitted the following wire communications in interstate and foreign commerce, for the purpose of executing and attempting to execute the above-described scheme and

INDICTMENT                4

artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

| Count | Approx. Date | Description of Wire |
|---|---|---|
| 6 | 1/6/2012 | Wire transfer in the amount of $1,834.20 from Delta Dental's Wells Fargo Bank account to J.P. Morgan Chase account ending in -4379. |
| 7 | 1/6/2012 | Wire transfer in the amount of $1,119.00 from CIGNA Dental's Bank of America account to J.P. Morgan Chase account ending in -4379. |
| 8 | 1/6/2012 | Wire transfer in the amount of $603.00 from CIGNA Dental's Bank of America account to J.P. Morgan Chase account ending in -4379. |
| 9 | 1/18/2012 | Wire transfer for Los Altos Dental Care in the amount of $274.00 from Global Pay to Wells Fargo Bank account ending in -7946. |
| 10 | 1/19/2012 | Wire transfer for Los Altos Dental Care in the amount of $550.00 from Global Pay to Wells Fargo Bank account ending in -7946. |

<u>COUNTS ELEVEN THROUGH SIXTEEN</u>: (18 U.S.C. § 1957(a) – Money Laundering)

19. Paragraphs 1 through 14 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

20. From in or about May 2011, through in or about January 2012, in the Northern District of California, the defendant,

JINNIE CHAO,

did knowingly engage in the following monetary transactions, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, that was derived from specified unlawful activity, namely mail fraud in violation of Title 18, United States Code, Section 1341, and wire fraud in violation of Title 18, United States Code, Section 1343.

| Count | Approx. Date | Description of Transaction |
|---|---|---|
| 11 | 10/25/2011 | Wire transfer of $49,154.08 from Wells Fargo Bank account -6736 to Wells Fargo Bank account -6298. |
| 12 | 11/10/2011 | Wire transfer in the amount of $13,445.31 from Wells Fargo Bank account ending in -7946 to Chase Bank account ending in -4738 |
| 13 | 12/7/2011 | $17,928.31 check (#1013) drawn on Wells Fargo Bank account ending in -7946 used to purchase Mercedes Benz at Smythe European Mercedes Benz. |
| 14 | 12/8/2011 | Wire transfer in the amount of $13,445.31 from Wells Fargo Bank account ending in -7946 to Chase Bank account ending in -4738 |

INDICTMENT                               5

| 15 | 1/13/2012 | Wire transfer in the amount of $13,445.31 from Wells Fargo Bank account ending in -7946 to Chase Bank account ending in -4738 |
| 16 | 1/19/2012 | Wire transfer in the amount of $10,932.56 from J.P. Morgan Chase Bank account ending in -4379 to J.P. Morgan Chase Bank account ending in -1650. |

FORFEITURE ALLEGATION: (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c))

21. Paragraphs 1 through 20 are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

22. Upon conviction of an offense alleged in Counts One through Ten in the Indictment, a violation of Title 18, United States Code, Sections 1341, and 1343, the defendant,

JINNIE CHAO,

shall forfeit to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction.

23. Upon conviction of an offense alleged in Counts Eleven through Sixteen in the Indictment, a violation of Title 18, United States Code, Section 1957, the defendant,

JINNIE CHAO,

shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offence, or any property traceable to such property.

24. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

INDICTMENT                            6

1  All in violation of 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and Rule 32.2 of the Federal Rules of
2  Criminal Procedure.

5  DATED: 26 Oct 2016                                A TRUE BILL.

                                                    _____
                                                    FOREPERSON

8  BRIAN J. STRETCH
   United States Attorney

10 _____
   JEFFREY NEDROW
11 Chief, San Jose Branch Office

14 (Approved as to form: __Maia Perez__)
                          AUSA PEREZ

INDICTMENT                                          7

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

— OFFENSE CHARGED —

COUNTS 1-5: 18 U.S.C. § 1341 – Mail Fraud

COUNTS 6-10: 18 U.S.C. § 1343 – Wire Fraud

COUNTS 11-16: 18 U.S.C. § 1957(a) – Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

— DEFENDANT - U.S —
▶ JINNIE CHAO

DISTRICT COURT NUMBER
CR - 16 00435

FILED OCT 20 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
EJD
NC

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)
Postal Inspector Brian Codianne

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: BRIAN STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): AUSA MAIA PEREZ

DEFENDANT

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

# PENALTY SHEET

**COUNTS ONE THROUGH FIVE:** (18 U.S.C. § 1341 – Mail Fraud)
- Imprisonment: Maximum 20 Years
- Fine: Maximum $250,000 or an amount equal to twice the amount pecuniary gain or loss
- Supervised Release: Maximum 5 Years
- Special Assessment: Mandatory $100

**COUNTS SIX THROUGH TEN:** (18 U.S.C. § 1343 – Wire Fraud)
- Imprisonment: Maximum 20 Years
- Fine: Maximum $250,000 or an amount equal to twice the amount pecuniary gain or loss
- Supervised Release: Maximum 5 Years
- Special Assessment: Mandatory $100

**COUNTS ELEVEN THROUGH SIXTEEN:** (18 U.S.C. § 1957(a) – Money Laundering)
- Imprisonment: Maximum 10 Years
- Fine: Maximum $250,000 or an amount equal to twice the amount pecuniary gain or loss, or twice the amount of the criminally derived property involved in the transaction
- Supervised Release: Maximum 3 Years
- Special Assessment: Mandatory $100